UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

ANDRE T. McCANTS,

                    Petitioner,                    **REPORT AND RECOMMENDATION**
                                                   **No. 00-CV-6444(DGL)(VEB)**
        -vs-

JOSEPH McCOY,

                    Respondent.
_____

## I.    Introduction

Petitioner Andre T. McCants ("McCants"), proceeding *pro se*, filed a petition for a writ

of habeas corpus pursuant to 28 U.S.C. § 2254 challenging his conviction, following a guilty

plea, to criminal possession of a controlled substance in the fifth degree. This matter has been

referred to the undersigned pursuant to 28 U.S.C. § 636(b) for the issuance of a report and

recommendation regarding the disposition of McCants' petition. *See* Docket No. ___. For the

reasons that follow, I recommend that McCants' request for a writ of habeas corpus be denied.

## II.   Background

McCants originally was indicted on charges of criminal possession of a controlled

substance in the third degree, a class B felony (New York Penal Law ("P.L.") § 220.16). This

offense carries a possible maximum sentence of 25 years for a first-time felony offender. *See*

N.Y. Penal Law § 70.00(1)(b). McCants, however, was a second felony offender, who was on

parole at the time the crime was committed. *See* Transcript of April 30, 1999 Hearing ("4/30/99

Tr.") at 2; Transcript of April 16, 1999 Hearing ("4/16/99 Tr.") at 2. McCants' trial counsel

negotiated a very favorable plea deal for him, pursuant to which he was permitted to waive

-1-

indictment and plead guilty to a class D felony, criminal possession of a controlled substance in the fifth degree (P.L. § 220.06). This offense carries a maximum possible sentence of 7 years. The plea offer which McCants accepted contained a sentence promise of 2 ½ to 5 years, with conditional release the Willard Drug Treatment Campus. McCants also waived his right to appeal as part of his plea bargain.

During his plea colloquy on April 16, 1999, McCants admitted that he possessed 21 bags of crack cocaine at the time that the police approached him,[1] and that he possessed the crack cocaine with the intent to sell it. *See* 4/16/99 Tr. at 7.  Upon questioning by the trial court, McCants denied that the police had done anything illegal or improper in regard to his arrest. *Id.* at 6. The trial court brought up the search and seizure a second time, and asked McCants if he had any challenge to it. Again, McCants replied, "No." *Id.* at 7. McCants confirmed that he had not been threatened or pressured, and that the only promise he had been made was the sentence promise, which was on the record. *Id.* at 4. On April 30, 1999, McCants was adjudicated as a second felony offender and sentenced to 2 ½ to 5 years under parole supervision at the Willard Drug Treatment Campus.

McCants did not move to withdraw his plea, and did not pursue a direct appeal of his conviction to the Appellate Division. He subsequently made two collateral motions to vacate the conviction, pursuant to New York Criminal Procedure Law ("C.P.L."), arguing that he did not receive the effective assistance of counsel, that his guilty plea was coerced, and that he was subject to an unlawful search and seizure. The trial judge held that by pleading guilty to a lesser

---

[1]        On April 3, 1999, a citizen caller informed the police that McCants was selling drugs in front of 7 Beach Street in the City of Rochester. The police promptly followed up on the lead and found McCants at 7 Beach Street. After a brief discussion, the officer asked McCants if he would agree to be searched. McCants agreed, and the officer found the 21 bags of crack cocaine secreted in McCants' socks.

offense, he waived his right to a review of the suppression issues. *See* County Court Decision

and Order dated March 7, 2000 ("3/7/00 Order") at 2, Respondent's Exhibit ("Resp't Ex.") G at

31 (citing, *inter alia*, *People v. Fernandez*, 67 N.Y.2d 686 (N.Y. 1986)).[2]  With regard to the

voluntariness of his plea, the trial judge found that McCants "assert[ed] no specific conduct of

[sic] coercion by his attorney or by the prosecutor." 3/7/00 Order at 2. The trial judge found that

McCants had received meaningful representation because his "attorney successfully negotiated a

plea agreement . . . allowing the defendant to take an advantageous plea." *Id.* at 3 (citations

omitted). The trial judge also rejected McCants' challenge to the legality of his negotiated

sentence. *Id.*

     In his federal habeas petition, McCants raised the same three grounds raised in support of

his C.P.L. § 440.10 motion. Respondent answered the petition, arguing that the claims were

unexhausted, procedurally barred by his guilty plea and waiver of appellate rights, and, in any

event, without merit. *See* Respondent's Memorandum of Law ("Resp't Mem.") at 2 *et seq.*

McCants subsequently moved to have his petition stayed and held in abeyance while he returned

to state court to exhaust his state court remedies on certain additional claims which he apparently

was going to seek to add to his original petition by means of a motion to amend. McCants'

request for a stay was not opposed by respondent, and the Court (Feldman, M.J.) granted the stay

on June 22, 2004, conditioned on McCants returning to federal court within 30 days of

---

[2]    "A guilty plea generally results in a forfeiture of the right to appellate review of any nonjurisdictional defects in the proceedings. CPL 710.70 (2) carves out a limited exception providing that an order finally denying a motion to suppress evidence may be reviewed on appeal from a final judgment of conviction, even one entered upon a guilty plea. That exception is unavailable to this defendant, who pleaded guilty before obtaining such an order. That he may have believed his plea would not result in such forfeiture is irrelevant, because, even if communicated to the court, a subjective belief cannot permit evasion of what otherwise would be the consequences of the plea. Moreover, by pleading guilty before the hearing on his suppression motion, defendant precluded the making of a record and, in consequence, foreclosed the possibility of appellate review of his challenge to the admissibility of the People's evidence." 67 N.Y.2d at 688 (internal citations omitted).

completing his state-court exhaustion proceeding. *See* Docket No. 30.

On October 17, 2005, McCants wrote to the Court stating that he "did not know this case was still being held in abeyance" and that he was "under the impression that this case was waiting on a decision." *See* Docket No. 31. McCants stated, "I respectfully request that this case be removed from it's [sic] abeyance status, and set for a decision." *Id.* The Court treated this as a motion to lift the stay, and on October 20, 2005, issued an order to that effect. *See* Docket No. 32.

Because McCants' stay motion indicated that a motion to amend the petition was going to be filed once he completed the exhaustion process, the Court (Larimer, D.J.) issued an order directing McCants to clarify his intentions in that regard, and inform the Court of his decision one way or another. *See* Docket No. 33 ("If petitioner does not wish to amend his petition, then as soon as possible and no later than fifteen (15) days from the date of this Order's entry, petitioner shall submit to the Court a document stating that he is not amending his petition. The Court will consider all of the claims raised by petitioner in his original petition, unless in this submission, petitioner withdraws any of his original claims."). On January 11, 2006, the order (Docket No. 33) was returned as undeliverable. It had been sent to the address on McCants' motion to lift the stay; at that time, he was incarcerated at the Monroe County Jail. On January 12, 2006, the Clerk's Office updated McCants' address to Elmira Correctional Facility, and the order (Docket No. 33) was resent to McCants. However, McCants never responded to the Court's Order. Because McCants has not filed a motion to amend the petition, he therefore is deemed to be proceeding on the habeas claims raised in his original petition.

On February 15, 2007, mail sent by the Court to McCants again was returned as undeliverable. This time, the District Court's *Pro Se* Office had sent a letter answering McCants'

request for documents, addressed to the Buffalo Federal Detention Center.

The Court has checked the Inmate Locator website maintained by the New York State Department of Correctional Services ("DOCS Inmate Locator") regarding McCants' whereabouts. DOCS Inmate Locator indicates that McCants (DIN 99B0863) most recently was housed at Clinton Correctional Facility on a parole violation. He was conditionally released to parole supervision on July 9, 2008.[3] McCants has not provided the Court with an updated address, and the Court accordingly does not know his present whereabouts.

## III.     Discussion

### A.     Justiciability

McCants was incarcerated by reason of the conviction challenged by the instant petition at the time the petition was filed, and he therefore satisfied the "in custody" requirement of Section 2254(a) of Title 28 of the habeas statute. *See Carafas v. LaVallee*, 391 U.S. 234, 238 (1968); *accord Spencer v. Kemna*, 523 U.S. 1, 7 (1998). Furthermore, his subsequent release to parole supervision during the pendency of this petition did not moot the petition. *See Sibron v. New York*, 392 U.S. 40, 55-56 (1968) (presuming that a wrongful felony conviction has continuing collateral consequences sufficient to state an Article III case or controversy); *accord Spencer v. Kemna*, 523 U.S. at 8; *see also Wheel v. Robinson*, 34 F.3d 60, 63 (2d Cir. 1994) ("Further, a petition is not mooted on appeal if the petitioner is released from custody while the appeal is pending.") (citing *Maleng v. Cook*, 490 U.S. 488, 490-91, 491-92 (1989) (*per curiam*) (citing *Carafas*, 391 U.S. at 237-38).

### B.     Failure to Prosecute

---

[3]     *See* (http://nysdocslookup.docs.state.ny.us/GCA00P00/WIQ2/WINQ120) (last accessed September 9, 2008).

Federal courts are vested with the authority of to dismiss a plaintiff's action with prejudice because of his failure to prosecute; this power, which is "necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts" has a long history at common law and "has been expressly recognized in Federal Rule of Civil Procedure 41(b)[.]" *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-30 (1962). Rule 41(b) provides, in pertinent part as follows:

> Involuntary Dismissal: Effect Thereof. For failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against him. . . . Unless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision and any dismissal not provided for in this rule, other than a dismissal for lack of jurisdiction or for improper venue, operates as an adjudication upon the merits.

Fed. R. Civ. Proc. 41(b); *accord Link*, 372 U.S. at 620.  The Supreme Court explained in *Link* that [t]he authority of a court to dismiss *sua sponte* for lack of prosecution has generally been considered an 'inherent power,' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." 372 U.S. at 630-31.

As a matter of this District's Local Rules, both attorneys and *pro se* litigants have an obligation to immediately notify the Court and opposing parties of any change in their address or contact information. Local Rule of Civil Procedure 5.2(d) requires that a party proceeding *pro se* "must furnish the Court with a current address at which papers may be served on the litigant. . . . . In addition, the Court must have a current address at all times.  Thus a *pro se* litigant must notify the Court immediately in writing of any change of address.  *Failure to do so may result in dismissal of the case with prejudice.*"  Local Rule of Civil Procedure 5.2(d) (emphasis supplied).

Arguably, dismissal for failure to prosecute could be warranted here since McCants has known for years that, pursuant to Local Rule 5.2(d), he must promptly update his address whenever it changed, or risk having the action dismissed by this Court. The Second Circuit has "has repeatedly detailed factors . . . to be considered before dismissal for failure to comply with a court order, and these factors significantly cabin a district court's discretion under Rule 41(b), so that deference is due to the district court's decision to dismiss a *pro se* litigant's complaint only when the circumstances are sufficiently extreme. . . ." *LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 209 (2d Cir. 2001); Because McCants is a *pro se* petitioner, he should be afforded greater leeway in regard to his compliance with the Court's procedural rules. *See id.* McCants' failure to update his address, however, "is no small matter." *Jackson v. Rabideau*, No. 9:04-CV-1096(LEK/GHL), 2007 WL 911846, at *2 (N.D.N.Y. Mar. 22, 2007) (citing *Dansby v. Albany County Corr. Facility Staff*, No. 95-CV-1525, 1996 WL 172699, at *1 (N.D.N.Y. Apr. 10, 1996)). However, under the circumstances present here, the Court believes that the interests of fairness and judicial economy are best served by addressing the substance of McCants' petition, as the claims may be readily denied for lack of merit.

### C. Analysis of the Petition

#### 1. Involuntariness of Guilty Plea and Ineffective Assistance of Trial Counsel

McCants asserts that he was led to believe by his trial counsel that after he completed the 90-day stint at the drug treatment facility, he would not have to serve the remainder of his 2 ½ to 5-year sentence (Ground One), and that he was coerced into pleading guilty because his trial counsel told him that he was unlikely to prevail at trial (Ground Two). McCants also argues that trial counsel was ineffective for failing to bring a motion to suppress because the arresting

officer did not have probable cause to arrest him and the search of his person exceeded the proper scope (Ground Three).

In *Tollett v. Henderson*, 411 U.S. 258, 267 (1973), the Supreme Court explained that "[w]hen a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to deprivation of constitutional rights that occurred prior to the entry of a guilty plea." A defendant who has pleaded guilty upon the advice of counsel "may only attack the voluntary and intelligent character of the guilty plea by showing that the advice he received from counsel" was constitutionally deficient. *Id. See also United States v. Garcia*, 339 F.3d 116, 117 (2d Cir. 2003) (*per curiam*) ("It is well settled that a defendant who knowingly and voluntarily enters a guilty plea waives all non-jurisdictional defects in the prior proceedings.").

Where a defendant has pleaded guilty, the *Strickland*[4] standard requires him to show, first, that his attorney's advice to plead guilty was not "within the range of competence demanded of attorneys in criminal cases," and second, that "but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 56, 59 (1985); *see also Roe v. Flores-Ortega*, 528 U.S. 470, 485 (2000). Further, to show prejudice, the defendant must demonstrate that he had a viable trial defense. *See Hill*, 474 U.S. at 59-60. The prejudice inquiry thus turns largely on whether a defense "would have succeeded at trial," that is, whether the defendant "would have been acquitted or, if convicted, would nevertheless have been given a shorter sentence than he actually received." *Id.* at 59 (citation and internal quotation marks omitted). Such "predictions" about "the outcome at a possible trial . . . should be made objectively, without regard for the 'idiosyncrasies of the particular

---

[4]        *Strickland v. Washington*, 466 US. 668 (1984).

decisionmaker.' " *Id.* at 59-60 (quoting *Strickland*, 466 U.S. at 695).

As the trial judge observed when she considered McCants' C.P.L. § 440.10 motion, he

provides no record support for his assertion that he was misled about his sentence. Furthermore .

The state court properly relied on McCants' sworn statements during his plea colloquy in finding

that his guilty plea was knowing and voluntary and based on adequate representation by trial

counsel. Petitioner's habeas petition presents no factual support to rebut the trial judge's reliance

on those sworn statements. Where a defendant "has explicitly stated in his allocution that he

fully understands the consequences of his plea and that he has chosen to plead guilty after a

thorough consultation with his attorney, a district court on habeas review may rely on the

defendant's sworn statements and hold him to them." *Padilla v. Keane*, 331 F. Supp.2d 209, 217

(S.D.N.Y.2004) (citing *Blackledge v. Allison*, 431 U.S. 63, 74 (1977) ( "[T]he representations of

the defendant at [a plea colloquy] . . . constitute a formidable barrier in any subsequent collateral

proceedings. Solemn declarations in open court carry a strong presumption of verity. The

subsequent presentation of conclusory allegations unsupported by specifics is subject to

summary dismissal . . . ." )); *see also United States v. Torres*, 129 F.3d 710, 715 (2d Cir.1997) (

"A defendant's bald statements that simply contradict what he said at his plea allocution are not

sufficient grounds to withdraw the guilty plea." ).

McCants has offered nothing more than self-serving statements as proof that his plea was

involuntary due to misrepresentations by counsel as to the length of his actual sentence. In light

of the fact that he was a second felony offender facing the possibility of a 25-year sentence if

convicted of the class B charged in the indictment, the sentence promise of 2 ½ to 5 years that

McCain was offered can only be described as a "sweetheart deal." Nor has he shown that trial

counsel pressured him into pleading guilty by providing "his truthful, if unwelcome, advice

regarding the strength of the People's case, the advisability of accepting the plea bargain, and the admissions required by the court for Petitioner's allocution," *Lightfoot v. Smith*, No. 05 Civ. 0444, 2008 WL 515051, at *9 (S.D.N.Y. Feb. 25, 2008) (citing *United States v. Juncal*, 245 F.3d 166, 174 (2d Cir. 2001) ( "It is similarly common place that a defendant will feel 'coerced' in the lay sense of the word by an attorney's recommendation to plead guilty rather than proceed to trial.")).

Turning next to McCants' complaint that trial counsel was ineffective in failing to pursue a suppression motion based on alleged Fourth Amendment violations, I recommend finding this similarly unavailing. First, McCants himself completely undermined any colorable basis for such a motion when, during the plea colloquy, he affirmed–not once, but twice–that there was nothing improper or illegal in the way the police handled his arrest. Counsel cannot be faulted for failing to bring a baseless motion. *See United States v. Kirsch*, 54 F.3d 1062, 1071 (2d Cir.1995) (denying ineffective assistance claim in part because motions not pursued by trial counsel were without merit). McCants has failed to show that there is a reasonable probability that a suppression motion would have been successful. Therefore, he has not shown that trial counsel's decision to forego such an application prejudiced him.

Moreover, a claim brought by a defendant who has pleaded guilty attacking trial counsel's performance in regard to a suppression hearing is barred under *Tollett* to the extent that the substance of the claim does not relate to the voluntariness of the guilty plea. *United States v. Torres*, 129 F.3d at 715 (considering a defendant's claim that he received ineffective counsel both because "he was coerced by his attorney into pleading guilty," and because the same attorney "failed to call witnesses at a pretrial suppression hearing." ) (citing *United States v.*

*Coffin*, 76 F.3d 494, 497 (2d Cir. 1996); *Tollett v. Henderson*, 411 U.S. at 267).[5]

There is nothing on the present record to indicate that McCants' decision to plead guilty was anything but a knowing, voluntary, and rational one, based on competent advice by his attorney. Accordingly, I recommend that his claims attacking trial counsel's performance and the voluntariness of his guilty plea be dismissed.

## 2.      Fourth Amendment Violations

McCants maintains that he is entitled to habeas corpus relief, in part, because he was arrested without probable cause, in violation of the Fourth Amendment. McCants is precluded from litigating his Fourth Amendment claims on habeas review, however.

The Supreme Court elucidated *Tollett* and related cases in *Menna v. New York*, 423 U.S. 61 (1975), stating,

> [A] counseled plea of guilty is an admission of factual guilt so reliable that, where voluntary and intelligent, it *quite validly* removes the issue of factual guilt from the case.  In most cases, factual guilt is a sufficient basis for the State's imposition of punishment.  A guilty plea, therefore, simply renders irrelevant those constitutional violations not logically inconsistent with the valid establishment of factual guilt and which do not stand in the way of conviction if factual guilt is validly established.

*Id.* at 62 n. 2 (emphasis in original).  *Menna* instructs that a guilty plea "conclusively establishes the factual predicate for the offense to which the defendant is pleading guilty," *United States v. Gregg*, 463 F.3d 160, 164 (2d Cir. 2006), and [t]herefore, at least on collateral attack of a

---

[5]      *Accord, e.g.*, *Smith v. Burge*, No. 03 Civ.8648 RWS., 2005 WL 78583, at *7-8 (S.D.N.Y. Jan.12, 2005) ("First, Smith has waived any pre-plea ineffective assistance claim [based on the holding in *Tollett v. Henderson*]; consequently, to the extent his argument concerns the purported failure of trial counsel to raise [a legal] defense prior to his plea, his claim is not cognizable."); *Schwartz v. Connell*, No. 05 Civ. 10305(RPP), 2006 WL 3549660, *5 (S.D.N.Y. Dec. 6, 2006) ("Petitioner argues that [trial counsel's] not moving to dismiss the charges did affect his plea because had he known of this 'prosecution-ending' motion, he would not have pled guilty. A motion to dismiss for a duplicitous indictment is similar to a speedy trial motion in that both can result in a dismissal of charges against the defendant. Both errors, however, are rendered irrelevant in the face of defendant's plea of guilty since this admission is, in most cases, convincing factual evidence of actual guilt.").

judgment of conviction, under *Tollett* a petitioner may not assert pre-plea constitutional

violations bearing on the valid establishment of his factual guilt," *id.* (citing *Tollett*, 411 U.S. at

266). Thus, the Supreme Court explained in *Haring v. Prosise*, its "decisions in *Tollett* and the

cases that followed simply recognized that when a defendant is convicted pursuant to his guilty

plea rather than a trial, the validity of that conviction cannot be affected by an alleged Fourth

Amendment violation because the conviction does not rest in any way on evidence that may

have been improperly seized . . . ."  462 U.S. 306, 321-22 (1983). Thus, a defendant's "Fourth

Amendment claim is irrelevant to the constitutionality of his criminal conviction, and for that

reason may not be the basis for a writ of habeas corpus . . . ." *Id.*

McCants here is challenging the police officer's conduct leading up to the seizure of the

21 bags of crack cocaine in his socks–namely, the discovery of the evidence supporting the

criminal possession of a controlled substance charge to which he pled guilty. I note that

McCants did not move to suppress the evidence prior to entering his guilty plea, and,

incidentally, affirmed during the colloquy that there was nothing improper regarding his arrest.

Under the *Tollett* line of cases, habeas review of McCants' Fourth Amendment claims are

foreclosed because his plea "conclusively establishes his factual guilt on the [criminal

possession] charge; how the supporting evidence was recovered is irrelevant." *United States v.*

*Gregg*, 463 F.3d at 166 (citing *Menna*, 423 U.S. at 62 n.2); *accord Lugo v. Artus*, No. 05

Civ.1998(SAS), 2008 WL 312298, at *3-5 (S.D.N.Y. Jan. 31, 2008) (denying habeas relief to

petitioner who had pled guilty in state court to possession of controlled substance and

conspiracy and asserted on habeas that he was denied the right to counsel when the police spoke

to him in the absence of counsel, after the right to counsel had attached, and used statements

obtained in that conversation to obtain a search warrant for his apartment from which drugs and

a gun were recovered). Accordingly, I recommend that McCants' claims alleging Fourth Amendment violations be dismissed because his valid guilty plea forecloses federal habeas review of all claims involving constitutional violations occurring prior to the plea.

## IV.     Conclusion

For the reasons set forth above, the Court recommends that the petition for a writ of habeas corpus filed by petitioner Andre McCants be denied. Furthermore, the Court finds that McCants has not made a "substantial showing of the denial of a constitutional right" pursuant to 28 U.S.C. § 2253(c)(2) ("A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right."); *see also Lucidore v. New York State Div. of Parole*, 209 F.3d 107, 112 (2d Cir. 2000). Therefore, the Court recommends that no certificate of appealability should issue with respect to any of petitioner's claims.

/s/ *Victor E. Bianchini*

_____
VICTOR E. BIANCHINI
United States Magistrate Judge

Dated:  September 11, 2008
         Rochester, New York.

Pursuant to 28 U.S.C. § 636(b)(1), it is hereby

**ORDERED**, that this Report and Recommendation be filed with the Clerk of the Court.

**ANY OBJECTIONS** to this Report and Recommendation must be filed with the Clerk of this Court within ten (10) days after receipt of a copy of this Report and Recommendation in accordance with the above statute, Fed. R. Civ. P. 72(b) and Local Rule 72.3(a)(3).

The District Court ordinarily will refuse to consider on *de novo* review arguments, case law and evidentiary material which could have been, but was not, presented to the Magistrate Judge in the first instance. *See*, *e.g.*, *Patterson-Leitch Co., Inc. v. Massachusetts Municipal Wholesale Electric Co.*, 840 F.2d 985, 990-91 (1st Cir. 1988).

**Failure to file objections within the specified time or to request an extension of such time waives the right to appeal the District Court's Order.** *Thomas v. Arn*, 474 U.S. 140 (1985); *Wesolek v. Canadair Ltd.*, 838 F.2d 55 (2d Cir. 1988); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72, 6(a), 6(e).

The parties are reminded that, pursuant to Rule 72.3(a)(3) of the Local Rules for the Western District of New York, "written objections shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for such objection and shall be supported by legal authority." **Failure to comply with the provisions of Rule 72.3(a)(3), or with the similar provisions of Rule 72.3(a)(2) (concerning objections to a Magistrate Judge's Decision and Order), may result in the District Court's refusal to consider the objection.**

Let the Clerk send a copy of this Order and a copy of the Report and Recommendation to petitioner and respondent.

**IT IS SO ORDERED.**

/s/ *Victor E. Bianchini*

_____

VICTOR E. BIANCHINI
United States Magistrate Judge

Dated:  Rochester, New York
        September 11, 2008.